FILED
2018 MAR -5 PM 2: 36
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

----------------------------------------------------------X

IN RE FOREIGN EXCHANGE BENCHMARK     No. 1:13-cv-07789
RATES ANTITRUST LITIG.

----------------------------------------------------------X

JUDGE POLSTER

## MOTION TO QUASH DEPOSITION SUBPOENAS OF KEITH KORNELL AND GREGORY GALAN

Pursuant to Fed. R. Civ. P. 45(d)(3)(A), Class Members Keith Kornell and Gregory Galan hereby move to quash the subpoenas ("Subpoenas") that were served upon them requiring their attendance at depositions to take place in Cleveland, Ohio on March 30, 2018, arising out of an objection to a request for attorney's fees that Mr. Kornell and Mr. Galan filed in a class action pending in the Southern District of New York. *See Exhibit A*. Jurisdiction is proper in this Court because the Subpoenas require the Movants' attendance at depositions within this District, namely Cleveland, Ohio. *See* Subpoenas attached hereto as *Exhibits B and C*.

The Subpoenas are improper for several reasons. First, Class Counsel must obtain permission from the court presiding over the class action prior to seeking discovery from an unnamed class member. It is undisputed that Class Counsel did not do so. Second, the discovery sought is plainly irrelevant to the matters before the court in the Southern District of New York, namely, the fairness of the class action settlement and the reasonableness of Class Counsel's fee request submitted in connection with that settlement. Third, Class Counsel are seeking discovery of their own clients after the entry of a discovery stay. *See* Preliminary Approval Order attached hereto as *Exhibit D*, at ¶¶ 20-21.

1:18 MC 25

Federal courts are unanimous that discovery of absent class members after a settlement may not be undertaken without first seeking the permission of the court conducting the final approval hearing. *See Daniels v. Lifelock*, S.D. CA 10-1554, July 29, 2010 (a copy of this decision is attached hereto as *Exhibit E*.)

In a prior case from this Court in which class counsel sought discovery from objecting absent class members, Judge Gwin held that class counsel must show cause as to why a deposition of objectors is necessary and relevant before serving a deposition subpoena upon objectors. *Van Horn v. Nationwide*, N.D. Ohio No. 08-605, Dec. 8, 2009 (a copy of this decision is attached hereto as *Exhibit F*).

Here, Class Counsel did not seek permission of the presiding New York court before serving the Subpoenas on the objectors, nor did they make a showing as to the relevance or necessity of the discovery in this Court or in the New York court. It is plain from a reading of the deposition topics and document requests in connection with the Subpoenas that none of the information requested is in any way relevant to the issues currently before the New York court – namely, the fairness, reasonableness and adequacy of the proposed settlement, and the reasonableness of Class Counsel's requested attorney's fees. Mr. Kornell and Mr. Galan attached documents proving their class membership to their objection, and therefore no discovery into objectors' standing as class members is necessary. *Exhibit A*. Moreover, Mr. Kornell has submitted his claim forms with all of his documentation to the settlement administrator, and Mr. Galan is in the process of doing so. *See* Claim Confirmations attached hereto as *Exhibit G*. Therefore, the settlement administrator is already in possession of all documents

2

establishing the objectors' standing and right to receive a payment from the settlement, and a representative subset of them was filed in the Southern District of New York.

It is clear from the subpoenas that they were served upon objectors Kornell and Galan for the purposes of harassment in retaliation for exercising their Rule 23(h) right to object to a request for attorney's fees. The information sought would not assist the New York court in any way in determining whether Class Counsel's request for $207 million over and above their lodestar is a fair and reasonable fee, the only issue that is presented by objectors' fee objection. Attending the depositions would impose a burden upon objectors that is not typically imposed upon absent plaintiff class members. *See Philips Petroleum v. Shutts*, 472 U.S. 797, 810 (1985) (absent plaintiff class members not subject to burdens such as discovery). Requiring objecting class members to submit to the burdens of discovery discourages objections and impermissibly burdens the rights of absent class members guaranteed by Rule 23(e) and (h). Such discovery should therefore be permitted only upon a very high showing of relevance and need, both of which are lacking here. *Van Horn, supra*.

Finally, not only have Class Counsel failed to make a showing of relevance and necessity, and to seek permission from the New York court before issuing discovery, they have acted in contravention of the discovery stays entered by the Southern District of New York. Attached to this Motion as *Exhibit D* is the Preliminary Approval Order entered by the SDNY in connection with the Deutsche Bank settlement, which is identical to the relevant parts of the preliminary approval orders that apply to the other fourteen settlements. Each of them stays all discovery in the action, with the sole exception that non-settling defendants may continue to seek discovery from the settling

3

defendants. There is no exception for the Plaintiffs or Class Counsel, and certainly no exception for discovery from absent class members. Therefore, in addition to failing to seek permission from the presiding court, Class Counsel have also violated the terms of the discovery stays contained in the Preliminary Approval Orders entered by that court.

## CONCLUSION

WHEREFORE, Movants Keith Kornell and Gregory Galan pray that this Court GRANT this motion and quash the deposition subpoenas that were served upon Mr. Kornell and Mr. Galan requiring their attendance at depositions in Cleveland Ohio on March 30, 2018.

>Respectfully submitted,
>Keith Kornell, Keith Kornell
>d/b/a Crown & Korn, and
>Gregory Galan,
>By their attorney,
>
>Edward W. Cochran
>20030 Marchmont Rd.
>Cleveland Ohio 44122
>Phone: (216) 751-5546
>EdwardCochran@wowway.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon Steven M. Berezney, Korein Tillery LLC, by emailing a copy of this document and all exhibits to SBerezney@koreintillery.com on March 1, 2018.

Edward W. Cochran